IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BROOKE L. MOSHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-CV-1808-SMY |
| ) | |
| JACQUELYN AUSTIN, and JENNIFER ) | |
| CLAYTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Plaintiff Brooke L. Mosher's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and Motion for Recruitment of Counsel (Doc. 4). For the following reasons, the motions are **DENIED,** and this matter shall be **DISMISSED.**

## Background

In July 2022, investigators from the Illinois Department of Children and Family Services (DCFS), Jacquelyn Austin and Jennifer Clayton, allegedly removed Mosher's son, C.J., from her custody. C.J. has remained with social workers and foster parents since that time, with Mosher being permitted some visits. Mosher alleges that, by removing her son, Defendants Austin and Clayton violated her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments (Doc. 2).

This is not Mosher's first lawsuit against these two defendants. On February 13, 2023, Mosher filed a similar lawsuit against Defendants Austin and Clayton. *Mosher v. Department of Children and Family Services, et al*, 23-cv-463-SMY (Doc. 3) (S.D. Ill. Feb. 13, 2023). Following a threshold screening of the Complaint, the undersigned dismissed that case without prejudice on

March 6, 2023, for failure to state a claim because Mosher had impermissibly sued these officials in their official capacities. *Mosher v. Department of Children and Family Services, et al*, 23-cv-463-SMY (Doc. 9) (S.D. Ill. Mar. 6, 2023). Mosher then filed the instant lawsuit on May 30, 2023.

Mosher makes the following allegations in her Complaint (Doc. 2): Mosher's son, C.J., was staying in Troy, Illinois with Mosher's in-laws. On or about July 1, 2022, Defendant Austin arrived at the residence and threatened to call the police if Mosher did not hand over her son to be placed into protective custody. Defendant Austin stated that his living condition in Troy was hazardous with drugs "being produced in the residence" (Doc. 2-2, p. 2).

On July 8, 2022, Mosher underwent a negative drug test. On July 12, 2022, Mosher met Defendants Austin and Clayton and signed a "Consent to Medical Treatment" for her son, who had been transferred to the custody of his new foster parents, the Smiths. On July 14, 2022, Defendants told Mosher that she had to submit to a hair follicle drug test in order to regain custody of her son. Mosher refused to do so without a signed document from Defendants that formally requested a test. Defendants became enraged and accused her of not following a "family plan" and hung up the phone.

On July 15, 2022, Defendant Clayton stated in a DCFS investigative report that C.J. had been placed in protective custody as a result of a lack of medical attention. Mosher disputes this reasoning as she had previously scheduled C.J. for a medical appointment for July 19, 2022.

On July 28, 2022, a court held a temporary custody hearing and neither Mosher nor C.J.'s biological father appeared due to their incarcerations. At another hearing that Mosher could not attend as a result of incarceration, Defendant Austin lied to the court and said that Mosher had given permission for C.J. to be placed with a social worker.

From September 1, 2022 to the present, Mosher has only had 8 visitations with her son and has yet to "see any made up visits which [were] ordered by the judge."  As a result of Mosher's loss of custody of her son, she has suffered intense emotional anguish and economic losses such as no longer qualifying for SNAP benefits.

## Discussion

## Motion for Recruitment of Counsel (Doc. 4)

Mosher requests that this Court appoint her counsel as the law is "very complex" (Doc. 4, p. 2).  Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). That said, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

Here, Mosher states that she has contacted "73 attorneys" who have refused her case (Doc. 4, p. 1).  However, she specifies that the case has already proceeded since July of 2022 and she needs an attorney to present her evidence, which leads this Court to understand that her motion is directed at finding counsel for her state court proceedings to regain custody of her son and not this civil rights action.  (*Id.*)  As this Court has no authority to appoint her counsel for a state court matter, this motion will be **DENIED**.

**Motion for Leave to Proceed *in forma pauperis* (Doc. 3)**

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).   The Court is satisfied from Mosher's Affidavit that she is indigent and cannot pay the $400.00 filing fee at this time.

Additionally, § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Mosher notes that there is a pending Juvenile Court removal proceeding in Madison County and requests that this Court dismiss it (Doc. 2, p. 5).  The Rooker-Feldman doctrine generally prohibits federal courts from considering claims seeking review of state court judgments.  *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  This jurisdictional bar applies to claims "actually raised before the state court" and to claims that are "inextricably intertwined with state court determinations." *Id.*  Given that Mosher's claim that she should have her son returned to her was either raised in the Juvenile Court, before the DCFS state agency, or are "inextricably intertwined" with such state determinations, her Complaint herein fails to state a claim on that basis.  Similarly, Defendants Austin and Clayton are afforded absolute immunity from any actions they took in presenting the removal case to a Juvenile Court, like allegedly accusing Mosher of child endangerment at a hearing on July 28, 2022.  *Millspaugh v. Cty. Dep't of Pub. Welfare of*

*Wabash Cty.*, 937 F.2d 1172, 1176 (7th Cir. 1991) ("[S]ocial workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the [juvenile] court").

The only potential claims arise from how Defendants investigated and pursued the removal proceedings in Mosher's case. There is authority for such lawsuits against DCFS workers in their individual capacities if they violated Mosher's right to be free of unreasonable searches and seizures under the Fourth Amendment when removing C.J. or her right to familial relations as guaranteed by the Fourteenth Amendment. *Hernandez ex rel. Hernandez v. Foster,* 657 F.3d 463, 474-475 (7th Cir. 2011) (removal of a child may be a seizure under the Fourth Amendment); *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1018 (7th Cir. 2000) (discussing procedural and substantive due process with respect to the right to familial integrity). However, as was true with her Complaint in 23-cv-463, Mosher insists on suing both Defendants in their "official" capacities. As such, her suit operates as a claim against the State of Illinois. *Hafer v. Melo,* 502 U.S. 21, 24 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State"). Federal suits against state officials in their official capacities are barred by the Eleventh Amendment and must be dismissed. *Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997). Accordingly, this lawsuit will be dismissed.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and Motion for Recruitment of Counsel (Doc. 4) are **DENIED.** The Complaint (Doc. 2) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Should Plaintiff wish to proceed with this case once again despite this dismissal without prejudice, she must: (1) renew her Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than **July 5, 2023**; and (2) file an Amended Complaint in this case by the same date.  Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute these claims.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is further advised that, if she chooses to submit an amended complaint, the Court will not accept piecemeal amendments.  An amended complaint supersedes and replaces the original complaint and renders the original void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Therefore, the Amended Complaint must stand on its own, without reference to any previous pleading or her previous lawsuit under docket number 23-cv-463.  Mosher must also re-file any exhibits she wishes the Court to consider.  The Amended Complaint will be subject to review under 28 U.S.C. § 1915(e)(2), and no service will be ordered until review is completed.

**IT IS SO ORDERED.**

**DATED:  June 14, 2023**

**STACI M. YANDLE**
**United States District Judge**